Case:D-1-GN-07-003506 with (5) documents

| Filed Date | Category | Description | Additional Info |
|---|---|---|---|
| | | Judges Notes/Comments | |
| 10/12/2007 | PET-PL | ORIGINAL PETITION/APPLICATION | PLAINTIFF'S ORIGINAL PETITION FAIR DEBT COLLECTION PRACTICES ACT, ET AL |
| 11/9/2007 | SRVPRO... | EXE SERVICE OF CITATION | TRAVELER CASUALTY AND SURETY COMPANY OF AMERICA |
| 11/14/2007 | SRVPRO... | EXE SERVICE OF CITATION | LINEBARGER GOGGAN BLAIR & SAMPSON, LLP |
| 12/3/2007 | ANS-RES... | ORIGINAL ANSWER | DEFENDANT'S ORIGINAL ANSWER |



Filed
07 October 12 P2:00
Amalia Rodriguez-Mendoza
District Clerk
Travis District

Cause No. **D-1-GN-07-003506**

| | | |
|---|---|---|
| JENNIFER H. MASAR | § | IN THE DISTRICT COURT |
|     **Plaintiff** | § | |
| v. | § | 419th JUDICIAL DISTRICT |
| LINEBARGER GOGGAN BLAIR & SAMPSON LLP | § | |
| | § | |
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA | § | |
|     **Defendants** | § | TRAVIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION
### Fair Debt Collection Practices Act, *et al*

Plaintiff, JENNIFER H. MASAR ("Masar") bring these counterclaims against Defendant

LINEBARGER GOGGAN BLAIR & SAMPSON LLP  ("LINEBARGER") and its bonding

company TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA for violations of

the Fair Debt Collection Practices Act (F.D.C.P.A.), the Texas debt collection act, and for other

violations.

## A.   PRELIMINARY MATTERS

1.  Plaintiff intends discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil

Procedure.

2.  Plaintiff JENNIFER H. MASAR is an individual who resides at 1502 San Carlos Dr., Austin, TX

78757, Travis County. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and by

Tex. Fin. C. § 392.001(1).

3.  **Defendant LINEBARGER GOGGAN BLAIR & SAMPSON LLP** a domestic limited

liability partnership Defendant may be served with process **by serving its partner Lori Gruver**

**Robertson** whose work address is Linebarger Goggan Blair & Sampson LLP, 1949 I.H. 35 South,

Austin, TX 78741, phone: 512-447-6675 and whose home address is 11620 Coalwood Cove,

BARCODE 433899

Austin, TX 78739. The court has jurisdiction over Linebarger, a nonresident, because Linebarger has purposefully availed itself of the privileges and benefits of conducting business in Texas by engaging in business in Texas by filing suit to collect an alleged debt against Plaintiff, committing a tort, which is the subject of this suit, in whole or in part in Texas. Defendant Linebarger is a "debt collector" as that term is defined in 15 U.S.C. § 1692a(6) and a "third-party debt collector" as that term is defined in Tex. Fin. C. § 392.001(7).

4. **Defendant Travelers Casualty and Surety Company of America** ("Travelers") is a foreign corporation organized. Said defendant may be served through **its registered agent, Corporation Service Company, 701 Brazos Street Suite 1050, Austin, TX, 78701**.

5. Pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bond agreement itself, Defendant Travelers is liable for the claims Plaintiff may bring against Defendant Linebarger for violations of the Texas debt collection practices act, up to $10,000.00. Plaintiff brings no federal claims against Travelers.

6. Venue is proper in Travis County because all or a substantial part of the events or omissions giving rise to their claims occurred in Travis County. See Tex. Civ. Prac. & Rem. Code §15.002(a)(1).

7. All conditions precedent necessary to maintain this action have been performed or have occurred.

## B.   STATEMENT OF FACTS

11. On November 8, 2006 Defendant Linebarger filed suit on behalf of its client NORTH STAR CAPITAL ACQUISITIONS, LLC filed against Plaintiff Jennifer H. Masar ("Masar") in Justice of

the Peace Court, Precinct 5, Travis County Texas, Cause No. 205999 seeking to collect an alleged consumer debt. The sworn petition drafted, reviewed and filed by Defendant Linebarger contended the principal amount owed was $1,287.90 with a 9 percent rate of interest. After filing suit Linebarger fraudulently induced payments from Masar and made misrepresentations about the legal affect of Masar signing a final judgment. Linebarger drafted, signed and had the court enter final judgment for the full amount sought in its original petition, allowing no credit for the several payments it fraudulently induced from Masar. Linebarger also drafted, reviewed and submitted to the Court for entry a judgment with a 10 percent post judgment interest, an amount both greater than that pled and greater than that allowed by law.

## C.   CAUSES OF ACTON

### Cause of Action # 1: Violations of the federal Fair Debt Collection Practices Act

11. Masar brings these F.D.C.P.A. claims as a "private attorney general" acting in the in the interest of all consumers. See S. Rep. No. 382, 95th Con., 1st Sess. 5, ("The committee views this legislation as primarily self-enforcing; consumers who have been subject to debt collection abuses will be enforcing compliance.").

12. The above statement of facts are incorporated by reference and demonstrate that Linebarger violated the federal Fair Debt Collection Practices Act (the "F.D.C.P.A."), 15 U.S.C. 1692 et seq. By way of example and not limitation Linebarger has violated these provisions by misrepresenting the character, status, and amount of the debt; and threatening to take an act and actually taking an act prohibited by law.

13. Vigorous enforcement of the F.D.C.P.A. serves an important public policy goal of protecting

consumers from well-documented systematic abuses.[1]  It also prevents a "race to the bottom" be preventing legitimate debt collection entities from being competitively disadvantaged by the illegal acts of their competitors, protecting legitimate debt collector[2]

### Cause of Action # 2: Violations of the Texas debt collection statute, Tex. Fin. C. § 392.01 *et seq*

14. Linebarger violated Tex. Fin. C. § 392.001 et seq., the Texas debt collection act. By way of example and not limitation Linebarger has violated these provisions by misrepresenting the character, status, and amount of the debt; and threatening to take an act and actually taking an act prohibited by law.

15. Defendant Travelers is the bonding company liable for any claims Plaintiff may bring against Defendant Linebarger pursuant to Tex. Fin. C. § 392.102 and pursuant to the terms of the bonding contract itself.  Plaintiff brings forth against Defendant Travelers the claims it brings against Defendant Linebarger under the Texas debt collection act. Plaintiff brings no federal claims against Defendant Travelers.  The total amount sought against Defendant Travelers for all claims is limited to $10,000.00, the amount of the bond.

16. A prevailing consumer in a Texas debt collection action is entitled to actual damages, additional statutory damages of $100.00 in *per violation*, and mandatory attorney's fees and cost, and these are so sought. Masar also seeks a permanent injunction to prohibit Linebarger from again violating the

---

[1] 15 U.S.C.§ 1692(a) (Congressional findings and declaration of purpose).  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy…"

[2] 15 U.S.C.§ 1692(e) (Congressional findings and declaration of purpose) "It is the purpose of this subchapter to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."

debt collection statutes.

### Cause of Action # 3: Tort of unfair debt collection.

17. The actions that violate the debt collection statute also presumptively constitute the tort of wrongful debt collection, which allows for the recovery of actual and punitive damages. Duty v. General Finance Company, 273 S.W.2d 64 (Tex. 1954). Exemplary and punitive damages may be recovered for this tort, and are so sought.

### Cause of Action # 4: Equitable Relief sought under the D.T.P.A.

18. Masar seeks equitable relief under the D.T.P.A., which do not require presuit notice. Tex. Bus. Com. C. § 17.505(a) (60 day presuit notice requirement limited is the filing a suit *seeking damages* under Subdivision (1) of Subsection (b) of Section 17.50.")

19. The equitable relief sought includes constructive trust, restitution, profit disgorgement, and fee forfeiture. See Tex. Bus. Com. C. § 17.50(b)(2), (3), & (4); see also Restatement (Second) of Agency § 399 (1958) (listing remedies). Plaintiff need not show actual damages in order to obtain said equitable relief. Kinzbach Tool Co. v. Corbett-Wallace Corp., 160 S.W.2d 509, 514 (Tex. 1942); Watson v. Limited Partners of WCKT, Ltd., 570 S.W.2d 179, 182 (Tex. Civ. App.—Austin 1978, writ ref'd n.r.e.); Russell v. Truitt, 554 S.W.2d 948, 952 (Tex. Civ. App.—Fort Worth 1977, writ ref'd n.r.e.). Masar also seeks a permanent injunction to bar Linebarger from again committing violating the D.T.P.A. Tex. Bus. Com. C. § 17.50(b)(2).

20. Linebarger violated Texas Deceptive Trade Practices Act. Defendant committed "false, misleading, or deceptive acts or practices" within the meaning of Tex. Bus. & Com. Code

§17.46(a). Scienter is not a prerequisite for D.T.P.A. liability, although knowledge here is clear.

21. Linebarger's actions also constitute an "unconscionable action or course of action" which, to Plaintiff's detriment, took advantage of the lack of knowledge, ability, experience, or capacity of Plaintiff to a grossly unfair degree in violation of Tex. Bus. & Com. Code §17.50(a)(3).

22. This petition serves as written notice of Masar's intention to amend this petition within 60 days from receipt to add claims for economic damages. Damages are estimated as the total amount of money Masar has paid to Linebarger due to Linebarger's misrepresentations, plus $3,000.00 in attorney's fees as of the date of the filing of the original petition in this cause.

23. Defendant is entitled to recover reasonable and necessary attorney fees and costs under Tex. Bus. & Com. Code §17.50(d).  See Arthur Andersen & Co. v. Perry Equip. Corp., 945 S.W.2d 812, 819 (Tex. 1997). The purpose for establishing mandatory attorney's fees is to protect the ordinary consumer from false, misleading or deceptive trade practices by well-funded defendants.  As such, a prevailing consumer must be awarded attorney's fees even if his claim is entirely offset by the claims of the opposing party. McKinley v. Drozd, 685 S.W.2d 7 (Tex. 1985).  Moreover, attorney's fees are both mandatory and reasonable even if the fees greatly exceed the actual damages awarded to the consumer. Jack Roach Ford v. De Urdanavia, 659 S.W.2d 725 (Tex. App.—Houston [14th Dist.] 1983, no writ) ($20,000.00 in attorney's fees approved on a recovery of $500.00 in actual damages); Tate v. Wiggins, 583 S.W.2d 640 (Tex. Civ. App.--Waco 1979, no writ) ($14,500.00 in fees approved on a recovery of $1,000.00 in actual damages to one of the Plaintiff and $1,400.00 to the other); Seabury Homes, Inc. v. Burleson, 688 S.W.2d 712 (Tex. App.--Fort Worth 1985, no writ) ($15,000.00 in fees approved on a recovery of $2,000.00 in actual damages); IFG Leasing Co. v. Ellis, 748 S.W.2d 564 (Tex. App.--Houston[14th Dist.] 1988, no writ) (an award of attorney's fees upheld

even though the consumer only was awarded a certificate of title and no monetary damages.

### Cause of Action # 5: Fraud.

24. Linebarger made material and false representations When Linebarger made the representations, it knew them to be false, or made the representations recklessly, as a positive assertion, and without knowledge of its truth. Linebarger made the representations with the intent that Masar act on them. Masar in fact relied on the representations, causing her injury.  See Stum v. Stum, 845 S.W.2d 407, 416 (Tex.App.--Fort Worth 1992), overruled on other grounds, Humphreys v. Meadows, 938 S.W.2d 750, 751 (Tex.App.--Fort Worth 1996, writ denied). Masar seeks exemplary and punitive damages for these acts.

### Cause of Action # 6: Intentional Misrepresentation.

25. Linebarger made false statements of fact; made promises of future performance with an intent, at the time the promise was made, not to perform as promised; made statements of opinion based on a false statement of fact; made statements of opinion that the maker knew to be false; or made an expression of opinion that was false, while claiming or implying to have special knowledge of the subject matter of the opinion. Masar relied the misrepresentations of Linebarger and suffered harm. Johnson & Higgins of Texas, Inc. v. Kenneco Energy, Inc., 962 S.W.2d 507, 524 (Tex. 1998). By way of example and not limitation Defendant South Point represented that the sale of the Murano was a completed transaction but then Defendants refused to let Mr. Browning retain possession of the vehicle.  By way of example and not limitation Defendant Boatright personally and on behalf of Defendant South Point represented to Officer Dominguez that Plaintiff did not have a right to possession to the Murano when the Plaintiff in fact did have a right to possession to the vehicle.

Masar seeks exemplary and punitive damages for these acts.

### Cause of Action # 7: Negligence & Gross Negligence, including negligent misrepresentation.

26. Linebarger owed a legal duty to Masar. Without limitation this includes the duty to use ordinary care in making representations and ascertaining the accuracy of information of information given to others. Edco Products Inc., 794 S.W.2d 69, 76-77 (Tex.App.—San Antonio 1990, writ denied); and the duty to use reasonable care in performing services. Colonial Sav. Ass'n, 544 S.W.2d 116, 119-20 (Tex. 1976). LINEBARGER breached their legal duty, and the breach proximately causing Masar harm. LINEBARGER is also liable for negligent hiring, training, supervision or retention of competent employees. See, e.g. Morris v. JTM Materials, 78 S.W.3d 28, 49 (Tex.App.—Fort Worth 2002, no pet.). Masar brings these negligence claims in addition to the above causes of action, or, to the degree that the negligence claims are inconsistent with the above claims, the negligence claims are brought in the alternative to the above claims. Masar seeks exemplary and punitive damages for these acts.

### Cause of Action # 8: Declaratory and Injunctive Relief.

27. Masar seeks declaratory relief that Linebarger committed the above violations and an injunction to prevent Plaintiff from again engaging in the conduct giving rise to these claims.   C.P.R.C. § 37.004(a).  Masar seeks attorney's fees and costs. C.P.R.C. § 37.009; Butnaru v. Ford Motor Co., 84 S.W.3d 198, 210 (Tex. 2002) (injunction issued under principles of equity).

### D.   JURY DEMAND

26.   Masar demands a jury trial and tenders the appropriate fee with this petition.

### E.   PRAYER.

27.   For these reasons, Masar asks for judgment against Defendants for the following:

    i.   The above referenced relief requested;

    ii.   Statutory damages (including $1,000.00 pursuant to 15 U.S.C. § 1692k (F.D.C.P.A.) $100 per violation pursuant to Tex. Fin. C.  § 392.403(e) (Texas debt collection act).);

    iii.   Actual and economic damages within the jurisdictional limits of the court;

    iv.   Treble damages;

    v.   Attorney fees and costs;

    vi.   Exemplary and punitive damages;

    vii.   Prejudgment and post-judgment interest as allowed by law;

    viii.   Costs of suit;

    ix.   General relief;

    x.   An injunction preventing Linebarger from engaging in similar unlawful conduct now and in the future;

    xi.   All other relief, in law and in equity, to which Masar may be entitled.

    Respectfully submitted,

Ahmad Keshavarz
Attorney for JENNIFER H. MASAR

State of Texas Bar Number: 24012957

16 Court St., Suite 2600
Brooklyn, NY 11241-1026
(Principal Office & Mailing Address)

Phone: (512) 494-9797
Fax: (877) 496-7809 (toll-free)
Email: ahmad@AustinConsumerAttorney.com
Website: www.AustinConsumerAttorney.com

11/15/07

# C I T A T I O N

## T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-07-003506

JENNIFER H. MASAR

, Plaintiff

vs.

LINEBARGER GOGGAN BLAIR & SAMPSON LLP AND TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA

, Defendant



TO:  TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
     BY SERVING ITS REGISTERED AGENT, CORPORATION SERVICE COMPANY
     701 BRAZOS STREET SUITE 1050
     AUSTIN, TX 78701

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the <u>PLAINTIFF</u> in the above styled and numbered cause, which was filed on <u>OCTOBER 12, 2007</u> in the <u>419TH JUDICIAL DISTRICT COURT</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, October 12, 2007.

REQUESTED BY:
AHMAD KESHAVARZ
LAW OFFICE OF AHMAD KESHAVARZ
16 COURT ST., SUITE 2600
BROOKLYN, NY 11241
BUSINESS PHONE (512) 494-9797  FAX: (877)496-7809

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

*Marchelle Dukes*
MARCHELLE DUKES, Deputy

-- - -- - -- - -- - -- - -- - -- **R E T U R N** -- - -- - -- - -- - -- - --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the
_____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in
person, a true copy of this citation together with the <u>PLAINTIFF'S ORIGINAL PETITION</u> accompanying pleading,
having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation
the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

~~Sheriff / Constable~~ / Authorized Person

By: _____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS

_____ County, Texas

**D-1-GN-07-003506**

SERVICE FEE NOT PAID

**D01 - 22163**

☑ Original        ☐ Service Copy



000454503



Cause No.: D-1-GN-07-003506
Court: Travis County 419th Judicial District
Style: Jennifer H. Masar v. Linebarger, Goggan,      **ORIGINAL**
       Blair And Sampson LLP, et al

## AFFIDAVIT OF DELIVERY

      I am over the age of eighteen (18) years, have never been convicted of a felony or a crime of moral turpitude, and no charge of a felony or a crime of moral turpitude is pending against me. I am not a party to or interested in the outcome of this case, and am authorized by law, by the Supreme Court of Texas, or by written order of the court, to deliver citations and other notices, and am able to perform this delivery of process correctly pursuant to TRCP 103, 106, and 536. I swear that the facts contained in this Affidavit are true and correct and that these facts are within my personal knowledge.

Received.:        November 6, 2007, at 2:10 p.m.

Delivered to:        TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA
                by delivering to its registered agent Corporation
                Service Company by delivering to clerk Veronica
                Cordell

Documents        a copy of the Citation with a copy of
delivered after     Plaintiff's Original Petition Fair Debt Collection
first endorsing     Practices Act, et al attached
date of delivery
thereon:

Date, time &      November 7, 2007, at 11:58 a.m.
place of delivery:    701 Brazos Street, Suite 1050, Austin,
                Travis County, Texas

Fee: $65.00

CPS (Capitol Process Service)        _____
PO Box 1518                 Jon H. Snyder, Affiant, TCPS & Authorized Person
Georgetown, TX 78627-1518     Texas Supreme Court Authorization #SCH-1153
(800) 856-0216

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document. After being duly sworn by me, declared that the facts contained in this Affidavit are true and correct.

*SUBSCRIBED AND SWORN TO BEFORE* me on this the __8__ day of __Nov_____, 2007 .



Sheri L. Snyder
My Commission Expires     Notary Public, State of Texas
August 23, 2008

Lori Gruver Robertson's signature as
receipt for documents: 

# C I T A T I O N

## T H E   S T A T E   O F   T E X A S

### CAUSE NO. D-1-GN-07-003506

JENNIFER H. MASAR

, Plaintiff

    vs.

LINEBARGER GOGGAN BLAIR & SAMPSON LLP AND TRAVELERS CASUALTY AND SURETY COMPANY
OF AMERICA

, Defendant

NOV 14 2007

TO:  LINEBARGER GOGGAN BLAIR & SAMPSON LLP
     BY SERVING ITS PARTNER
     LORI GRUVER ROBERTSON
     1949 I.H. 35 SOUTH
     AUSTIN, TEXAS 78741

Defendant, in the above styled and numbered cause:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written
answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the
expiration of twenty days after you were served this citation and petition, a default judgment may
be taken against you.**

Attached is a copy of the PLAINTIFF'S ORIGINAL PETITION of the PLAINTIFF in the above styled and
numbered cause, which was filed on OCTOBER 12, 2007 in the 419TH JUDICIAL DISTRICT COURT of Travis
County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, October 12, 2007.

REQUESTED BY:
AHMAD KESHAVARZ
LAW OFFICE OF AHMAD KESHAVARZ
16 COURT ST., SUITE 2600
BROOKLYN, NY 11241
BUSINESS PHONE:(512)494-9797  FAX:(877)496-7809

AMALIA RODRIGUEZ-MENDOZA
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, Texas 78701

*Marchelle Duk*
MARCHELLE DUKES, Deputy

-- -- -- - -- -- -- -- -- **R E T U R N** -- -- -- -- -- -- -- - -- -- --

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on the
_____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in
person, a true copy of this citation together with the PLAINTIFF'S ORIGINAL PETITION accompanying pleading,
having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation
the date of delivery.

      Service Fee: $ _____

      Sworn to and subscribed before me this the

      _____ day of _____, _____.

~~Sheriff / Constable~~ / Authorized Person

By:_____

_____
Printed Name of Server

_____ County, Texas

_____
Notary Public, THE STATE OF TEXAS

D-1-GN-07-003506         SERVICE FEE NOT PAID         D01 - 22162

   Original     Service Copy

**SEE AFFIDAVIT
ATTACHED**





000455385



| | |
|---|---|
| Cause No.: | D-1-GN-07-003506 |
| Court: | Travis County 419th Judicial District Court |
| Style: | Jennifer H.Masar v. Linebarger, Goggan, Blair And Sampson LLP, et al |

### AFFIDAVIT OF DELIVERY

I am over the age of eighteen (18) years, have never been convicted of a felony or a crime of moral turpitude, and no charge of a felony or a crime of moral turpitude is pending against me. I am not a party to or interested in the outcome of this case, and am authorized by law, by the Supreme Court of Texas, or by written order of the court, to deliver citations and other notices, and am able to perform this delivery of process correctly pursuant to TRCP 103, 106, and 536. I swear that the facts contained in this Affidavit are true and correct and that these facts are within my personal knowledge.

| | |
|---|---|
| Received.: | November 6, 2007, at 2:10 p.m. |
| Delivered to: | LINEBARGER GOGGAN BLAIR & SAMPSON LLP by delivering to its Partner Lori Gruver Robertson, in person |
| Documents delivered after first endorsing date of delivery thereon: | a copy of the Citation with a copy of Plianitff's Original Petition Fair Debt Collection Practices Act, et al |
| Date, time & place of delivery: | November 9, 2007, at 2:30 p.m. 1949 I.H. 35 South, Austin, Travis County, Texas |
| Fee: | $65.00 |

CPS (Capitol Process Service)
PO Box 1518
Georgetown, TX 78627-1518
(800) 856-0216

Jon H. Snyder, Affiant, (CPS) Authorized Person
Texas Supreme Court Authorization #SCH-1153

Before me, a notary public, on this day personally appeared the above named person, known to me to be the person whose name is subscribed to the foregoing document. After being duly sworn by me, declared that the facts contained in this Affidavit are true and correct.

*SUBSCRIBED AND SWORN TO BEFORE* me on this the *13* day of *Nov*, 2007.

Sheri L. Snyder
My Commission Expires
August 23, 2008

Notary Public, State of Texas

NO. D-1-GN-07-003506

| JENNIFER H. MASAR, | § | IN THE DISTRICT COURT |
| Plaintiff | § | |
| | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | 419TH JUDICIAL DISTRICT |
| LINEBARGER GOGGAN BLAIR & | § | |
| SAMPSON LLP | § | |
| | § | |
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA, | § | |
| Defendants | § | TRAVIS COUNTY, TEXAS |

Filed In The District Court
of Travis County, Texas

DEC 03 2007

At _____ __ M.
Amalia Rodriguez-Mendoza, Clerk

## DEFENDANTS' ORIGINAL ANSWER

**TO THE HONORABLE JUDGE OF SAID COURT:**

Linebarger Goggan Blair & Sampson LLP, and Travelers Casualty and Surety Company of America, Defendants, hereby file their Original Answer in the above-captioned and numbered cause, and in support thereof would show the following:

1.   Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendants deny each and every, all and singular, the material allegations in Plaintiff's Petition and demand strict proof thereof as required by the laws of this state.

2.   As further answer Defendants assert the *bona fide* error defense provided in 15 U.S.C. § 1692k(c).

3.   As further answer Defendants assert the *bona fide* error defense provided in Tex. Fin. Code § 392.401.



000464559

4.    As further answer Defendants assert the defense of litigation immunity.

5.    As further answer Defendants assert the defense of failure to mitigate.

6.    As further answer Defendant asserts the defense of lack of standing.

7.    As further answer Defendants assert that Plaintiff has no actual damages.

8.    as further answer Defendants assert that any award of punitive or exemplary damages in this case would be prohibited ny the texas Constitution and the United States Constitution.

**WHEREFORE, PREMISES CONSIDERED**, Defendants having fully answered herein, pray that Plaintiff take nothing from Defendants, that all costs of court incurred herein be charged to Plaintiff, and that Defendants be granted such other and further relief, both special and general, at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

Barron, Newburger, Sinsley, & Wier, PLLC
1212 Guadalupe, Suite 102
Austin, Texas  78701
(512) 476-9103
Fax:  (512) 279-0310

By:    _____
Manuel H. Newburger
State Bar No. 14946500
Temple B. Ingram, Jr.
State Bar No. 10400900

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE
## CERTIFICATE OF SERVICE

I hereby certify that on this _3rd_ day of _December_, 2007, a true and correct copy of the foregoing Notice has been served on Plaintiff's attorney by certified mail, postage pre-paid, return receipt requested, addressed as follows.

Ahmad Keshavarz
Attorney for Plaintiff
16 Court St Ste 2600
Brooklyn, NY  11241-1026


Manuel H. Newburger

NO. D-1-GN-07-003506

| | | |
|---|---|---|
| JENNIFER H. MASAR, | § | IN THE DISTRICT COURT |
|     Plaintiff | § | |
| | § | |
| VS. | § | |
| | § | |
| | § | 419TH JUDICIAL DISTRICT |
| LINEBARGER GOGGAN BLAIR & | § | |
| SAMPSON LLP | § | |
| | § | |
| TRAVELERS CASUALTY AND | § | |
| SURETY COMPANY OF AMERICA, | § | |
|     Defendants | § | TRAVIS COUNTY, TEXAS |

*Filed in The District Court of Travis County, Texas*
*DEC 0 4 2007*
*At _____ M.*
*Amalia Rodriguez-Mendoza, Clerk*

## NOTICE OF REMOVAL TO FEDERAL COURT

**TO THE HONORABLE JUDGE OF SAID COURT:**

Linebarger Goggan Blair & Sampson LLP, and Travelers Casualty and Surety Company of America, Defendants, hereby give notice to Plaintiff and the Court of the removal of this case to the United States District Court for the Western District of Texas, Austin Division. A true copy of the Notice of Removal to be filed in said Court is attached hereto and incorporated herein by reference as if fully set forth verbatim.

Respectfully submitted,

Barron, Newburger, Sinsley, & Wier, PLLC
1212 Guadalupe, Suite 102
Austin, Texas 78701
(512) 476-9103
Fax: (512) 279-0310

By: _____
Manuel H. Newburger
State Bar No. 14946500
Temple B. Ingram, Jr.
State Bar No. 10400900

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of December, 2007, a true and correct copy of the foregoing Notice has been served on Plaintiff's attorney by certified mail, postage pre-paid, return receipt requested, addressed as follows.

Ahmad Keshavarz
Attorney for Plaintiff
16 Court St Ste 2600
Brooklyn, NY  11241-1026


Manuel H. Newburger

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JENNIFER H. MASAR,<br>     Plaintiff | § § § | |
| VS. | § § | |
| LINEBARGER GOGGAN BLAIR &<br>SAMPSON LLP | § § § | Civil Action No. _____ |
| TRAVELERS CASUALTY AND<br>SURETY COMPANY OF AMERICA,<br>     Defendants | § § § § | |

## NOTICE OF REMOVAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

Linebarger Goggan Blair & Sampson LLP, and Travelers Casualty and Surety Company of America, Defendants, hereby give notice of the removal of this cause to the above-named Court, and in support of such removal would show the following:

1.    This suit was originally filed on October 12, 2007, in the 419th District Court of Travis County, Texas. Plaintiff's Original Petition was served on Defendant Travelers on November 7, 2007, and on Defendant Linebarger on November 9, 2007. This notice is therefore timely pursuant to 28 U.S.C. § 1446(b).

2.    Removal is based upon federal question jurisdiction. 28 U.S.C. § 1331. Plaintiff has sued Defendant Linebarger under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692k. Thus, the District Courts has original jurisdiction as this civil action arises under the laws of the United States. This Court has pendent jurisdiction of the additional state law claims asserted in Plaintiff's Original Petition.

3.     This action is removable to the above-named Court pursuant to 28 U.S.C. § 1441(a).  Defendants hereby remove this action to the United States District Court for the Western District of Texas, Austin Division, as provided for by 28 U.S.C. § 1446.  Although the federal law claim was asserted only against Defendant Linebarger Defendant Travelers, through its undersigned attorney, consents to and joins in this removal.

4.     Defendants have attached hereto a true copy of the entire state court file and docket sheet, which includes all process, pleadings, and papers served upon it in this action.

5.     Defendants have filed a copy of this Notice with the Clerk of the Travis County District Courts.

6.     Attached hereto as <u>Exhibit A</u> is a file-marked copy of the Notice of Removal filed with the Travis County District Clerk.

Respectfully submitted,

Barron, Newburger, Sinsley, & Wier, PLLC
1212 Guadalupe, Suite 102
Austin, Texas  78701
(512) 476-9103
Fax:  (512) 279-0310

By:  _____
Manuel H. Newburger
State Bar No. 14946500
Temple B. Ingram, Jr.
State Bar No. 10400900

ATTORNEYS FOR DEFENDANTS

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 4th day of December, 2007, a true and correct copy of the foregoing Notice has been served on Plaintiff's attorney by certified mail, postage pre-paid, return receipt requested, addressed as follows.

Ahmad Keshavarz
Attorney for Plaintiff
16 Court St Ste 2600
Brooklyn, NY  11241-1026

Manuel H. Newburger